IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | CASE NO.: 7:24-CR-32 (WLS-TQL) |
| TAMEIKA DANYELLE DELAINE, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 36) ("the Motion"), filed on October 29, 2024. Therein, Defendant asks the Court to continue the pretrial conference in this case currently scheduled for November 6, 2024. Defendant also asks the Court to grant a continuance of the trial in this matter from the December 2024 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that her counsel requested a plea agreement from the Government, but at the time of the filing of the instant Motion, the Government has not yet provided one. Accordingly, Defendant contends that a continuance is warranted because additional time is needed to receive and review the proposed plea agreement. Defendant notes that the Government does not oppose the instant Motion. (*Id.*)

Based on Defendant's stated reasons, the Court finds that a continuance is necessary to allow Defendant's counsel to receive and review the proposed plea agreement with Defendant. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 36) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division February 2025 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the November 6, 2024 pretrial conference is **CANCELED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued

the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 30th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**